UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

CALVIN J. MOSLEY,
      Appellant,

v.

DEPARTMENT OF VETERANS
  AFFAIRS,
      Agency.

DOCKET NUMBER
CH-0752-10-0469-C-1

DATE: September 28, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Calvin J. Mosley, Gary, Indiana, pro se.

Janet M. Kyte, Esquire, Hines, Illinois, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which denied his petition for enforcement. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant appealed his removal from a position as a Social Worker, GS 0185-09, with the agency's Gary Area Vet Center in Gary, Indiana. *Mosley v. Department of Veterans Affairs*, MSPB Docket No. CH-0752-10-0469-I-1, Initial Appeal File (IAF), Tab 1, Tab 9, Subtabs 4a-4b. He was removed for failure to obtain licensure as a social worker, which was required for his position. IAF, Tab 9, Subtab 4e. After the parties executed a settlement agreement, which was entered into the record, the Board dismissed the appeal as settled. *See* IAF, Tabs 13-14. In the settlement agreement, the appellant agreed to withdraw his Board appeal. IAF, Tab 13 at 2. In return, the agency agreed to remove the Standard Form 50 (SF-50) reflecting the appellant's removal from his Official Personnel Folder and replace it with an SF-50 reflecting that he voluntarily resigned from the agency for personal reasons. *Id.* at 2. The agency also agreed not to object to his application for Illinois unemployment insurance benefits. *Id.*

¶3 The appellant sought review of the initial decision dismissing the appeal as settled. Petition for Review (PFR) File, Tab 1. The Board considered the appellant's petition for review and found that he failed to meet his burden of showing that the settlement agreement should be invalidated. *Mosley v.*

*Department of Veterans Affairs*, MSPB Docket No. CH-0752-10-0469-I-1, Final Order at 2-3 (Jan. 21, 2011) (located at PFR File, Tab 4).  The appellant filed this petition for enforcement, claiming that the agency breached the settlement agreement when it failed to pay him 1 year's salary in the amount of $57,193.00 or make any other monetary settlement.  *See* Compliance File (CF), Tab 1.  He admitted, however, that the agency had met the other terms of the settlement agreement.  *Id.*  He also asked the Board to invalidate the settlement agreement and reopen his appeal.  *Id.*; CF, Tab 8 at 3.

¶4        The administrative judge properly denied the petition for enforcement.  *See* CF, Tab 9, Compliance Initial Decision.  To the extent that the appellant is still seeking to invalidate the settlement agreement, *see* Compliance Petition for Review File (CPFR), Tab 1 at 1, 3, the issue was litigated when the Board reviewed the administrative judge's dismissal of the appeal as settled.  The doctrine of res judicata precludes parties from relitigating issues that were, or could have been, raised in the prior action, and is applicable if:  (1) the prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases.  *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995).  Here, all prongs of the test have been met.

¶5        As for the appellant's petition for enforcement, a settlement agreement is a contract, and as such, the Board will enforce it according to contract law.  *Allen v. Department of Veterans Affairs*, 112 M.S.P.R. 659, ¶ 7 (2009), *aff'd*, 420 F. App'x 980 (Fed. Cir. 2011).  The Board will enforce a settlement agreement that has been entered into the record in the same manner as a final Board decision or order.  *Id.*  The agreement here has been entered into the record for enforcement purposes, as the parties intended.  IAF, Tab 14 at 1-2; *see* IAF, Tab 13 at 2.  Where the appellant alleges noncompliance with the agreement, the agency must produce relevant material evidence of its compliance or show that

there was good cause for noncompliance.  *Allen*, 112 M.S.P.R. 659, ¶ 7.  The ultimate burden, however, remains with the appellant to prove breach by a preponderance of the evidence.  *Id.*

¶6        In construing a settlement agreement, the Board looks first to the terms of the agreement itself to determine the intent of the parties at the time they contracted.  *Greco v. Department of the Army*, 852 F.2d 558, 560 (Fed. Cir. 1988).  The Board will consider extrinsic evidence of intent (evidence from outside of the four corners of the agreement) only if the terms of the agreement are ambiguous.  *Id.*; *see, e.g.*, *Mital v. Department of Agriculture*, 116 M.S.P.R. 589, ¶¶ 6-9 (2011).

¶7        The settlement agreement required the agency to undertake only the two actions that the appellant acknowledged have been performed:  revising his SF-50 to indicate he resigned for personal reasons and refraining from contesting his application for unemployment benefits.  *See* IAF, Tab 13 at 2.  The settlement agreement does not state that the agency agreed to pay the appellant a monetary settlement.  *Id.* at 2-4.  Indeed, in paragraph 2, the appellant specifically waived "any and all rights to seek any personnel records adjustment or *any other remedies* for any matters arising out of or related to his employment with the Agency."  *Id.* at 2 (emphasis added).  In paragraph 10, he acknowledged that the agreement constituted "the entire understanding between the parties, and there are no other terms or commitments, verbal or written."  *Id.* at 3.  Finally, in paragraph 9, the appellant acknowledged he entered into the agreement "knowingly and voluntarily."  *Id*.

¶8        After the record closed on review, the appellant submitted two motions for leave to submit additional pleadings.  In the first motion, he requests an opportunity to submit "additional evidence and an additional witness to establish that due process was obstructed in the initial ruling."  The motion simply restates the arguments he made in his petition for review.  CPFR File, Tab 1 at 1, 3, Tab 8.  As we have explained, he has already litigated the matter of whether the

settlement agreement should be invalidated and the appeal reopened. In the second, he asks for an opportunity to restructure his petition for review so that the Board might better understand his arguments. CPFR File, Tab 10. Again, it appears that he is requesting one more opportunity to present arguments that have been addressed above. We deny both motions.

¶9      Because the agreement set forth the agency's obligations clearly and without ambiguity, the Board will not look beyond the four corners of the agreement. *Mital*, 116 M.S.P.R. 589, ¶ 6. The appellant's arguments are unavailing and we thus deny the petition for review and affirm the initial decision.[2]

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline

---

[2] The petition for review includes several attached documents pertaining to the appellant's underlying removal appeal. The oldest of these documents is dated February 4, 2010. The documents do not meet the Board's definition of new and material evidence, or otherwise justify the granting of this petition for review. *See* 5 C.F.R. § 1201.115(d) ("Situations in which the Board may grant a petition or cross petition for review include . . . a showing that [n]ew and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.").

and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.